IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30121
Summary Calendar

_____

MARIAH OFFER; DEAN RAYMOND;
PATRICK KERNS; JOHN JACOBS,

Plaintiffs-Appellants,

versus

BASIC TOWING, INC.; DAN KOBASIC,
Individually and as Master of the
TUG KRYSTAL K; UNIDENTIFIED PARTY,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 95-CV-210-T

_____
January 16, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Mariah Offer, Dean Raymond, Patrick Kerns, and John Jacobs sued Basic Towing, Inc., owner of the M/V TUG KRYSTAL K, and Dan Kobasic, owner of Basic Towing and master of the vessel, to recover travel expenses advanced to them but later deducted from their wages when they refused to sail with the vessel prior to its departure. The plaintiffs appeal the district court's holding that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendants were justified in deducting travel expenses from their wages under 46 U.S.C. § 11501(2) and its holding that Offer, Jacobs, and Kerns were jointly liable for delay costs and other expenses incurred by the defendants resulting from Offer, Jacobs, and Kerns breaching their employment contracts by refusing to sail.

Under 46 U.S.C. § 11501(2), deductions from a seaman's wages are justified for a seaman neglecting or refusing, without reasonable cause, to join the vessel or proceed to sea; the amount of the deduction must be either not more than two days' pay or a sufficient amount to defray expenses incurred in hiring a substitute. The district court's findings that the vessel was seaworthy, safe, and liveable; that the plaintiffs did not have reasonable cause to refuse to sail; and that the advanced travel expenses deducted from their wages covered the expenses of flying in replacements are factual findings plausible in the light of the record read as a whole and not clearly erroneous. See Dow Chemical v. M/V Roberta Tabor, 815 F.2d 1037, 1042 (5th Cir. 1987); Employers Ins. of Wausau v. Suwannee River Spa L., 866 F.2d 752, 768 (5th Cir. 1989).

The district court's findings that Offer, Kerns, and Jacobs acted together in quitting and that their breaches of their employment contracts together caused a three-day delay in sailing and incurred expenses to the defendants in the amount of $1,628 are

also factual findings plausible in the light of the record read as a whole and not clearly erroneous.  <u>Id.</u>

A F F I R M E D.